NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
California Bar No. 110170
MORRIS POLICH & PURDY LLP
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Telephone:    (702) 862-8300
Facsimile:    (702) 862-8400
NWieczorek@mpplaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. H., on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Secretary of the Department of Homeland Security<br><br>Defendant. | Case No.: 15-cv-02740-JST<br><br><br>**COMPLAINT** |

## **JURISDICTION & VENUE**

1.    This is an action for discrimination in employment pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).

2.    Jurisdiction is specifically conferred upon the United States District Court by the aforementioned statutes as well as 28 U.S.C. §§ 1331 and 1334. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983, and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166

3. Venue is appropriate under 28 U.S.C. § 1391 as named Plaintiff resides in San Bruno, California and he currently works in the Federal Air Marshal Service's ("FAMS") San Francisco Field Office.

**PARTIES**

4. Plaintiff K.H. was born on February 20, 1968 and is a Federal Air Marshal ("FAM") employed by the Defendant and classified as FLSA non-exempt in its FAMS, which is a component of the Transportation Security Administration ("TSA"), which itself is an agency within the Department of Homeland Security ("DHS").

5. Plaintiff filed this complaint using only his initials since public disclosure of his name may compromise national security or endanger his personal safety.

6. Plaintiff brings this action on behalf of himself and all other similarly situated FAMs who are/were employed in the following FAMS Field Offices: Cincinnati, Cleveland, Phoenix, Pittsburgh, San Diego, and Tampa.

7. Defendant, who is being sued in his official capacity only, is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

8. As an employer, Defendant is required to comply with all state and federal statutes prohibiting age discrimination.

**GENERAL ALLEGATIONS**

9. The TSA has targeted the Cincinnati, Cleveland, Phoenix, Pittsburgh, San Diego, and Tampa Field Offices for closure and the FAMs working in those offices have been reassigned and will be forced into duty elsewhere.

10. The TSA targeted those specific Field Offices for closure because those Field Offices have the highest percentage of older FAMs. It estimated that at minimum at least 90% of the FAMs in each of those Field Offices are over 40 years of age.

11. It is the TSA's intent to force older FAMs from Federal service and it is the TSA's desire that the older workers will in fact quit due to the closure of the Field Offices and the mandatory office reassignments.

12. It has been represented to the older FAMs that it is/was TSA's intent to purge its

workforce of older FAMs so that it could in turn "hire two new young FAMs for every older FAM."

13. The TSA is making any move to any other Field Office extremely difficult, expensive, unpalatable, and problematic, thus effectuating TSA's intent to purge older workers from the FAMS. Thus, the Field Office closures are tantamount to a constructive discharge.

14. The TSA has threatened the FAMs that if they do not move they will be forced to resign.

15. The Field Office closures affect ███████████ however, the exact number is unknown due to the nature of their employment.

16. On August 19, 2014 Plaintiff received an email from a supervisor in which there was a memorandum attached from the Regional Director that referenced the Directed Reassignment and Permanent Change in Duty Station. The Regional Director advised Plaintiff that he had 10 days to decide whether he was going to move and if Plaintiff did not elect to move, then the TSA would terminate his employment and Plaintiff would be ineligible for certain benefits. That threat compounded Plaintiff's mental and emotional stress.

17. Plaintiff worked in the Tampa Field Office. Due to the Tampa Field Office's discriminatory closure, the TSA reassigned Plaintiff to the San Francisco Field Office.

18. At all times relevant, Plaintiff's performance was satisfactory or better. Nevertheless, the TSA reassigned Plaintiff to a different Field Office.

19. Plaintiff has experienced severe and harmful mental and emotional stress associated with the discriminatory closure of the Tampa Field Office. Prior to the closure, Plaintiff was constantly under stress about having to uproot himself from Florida and moving across the country to California. Plaintiff missed out on vacations and placed his life on hold while awaiting the closure. Moreover, because Plaintiff knows that the TSA wants to rid him from its ranks because he is an older FAM, he constantly worries that the TSA will soon find a reason to terminate him from his position in the San Francisco Field Office.

20. It is undisputable that FAMs over 40 years of age are less mobile and more tied to their communities than their younger counterparts. These discriminatorily-designed Field Office

closures have caused, and will cause, older FAMs to uproot their families from communities they have long resided in, to lose thousands of dollars in home investments, and to lose the custody of their children. The discriminatory practice will cause marital unrest and the partition of once unified families.

21. The actual process in which the TSA designated the Field Offices for closure was based on age discrimination. The TSA selected specific Field Offices for closure that were made up of older FAMs. The TSA's discriminatory plan to rid the older FAMs from its ranks has caused tangible damage to the FAMs. Knowing that the TSA has targeted them because of their age has caused the FAMs severe mental and emotional stress that is affecting the way they perform their interactions with their co-workers, supervisors, and with their families. FAMs have already taken leave to list their homes for sale and to otherwise prepare for the reassignments.

22. Plaintiff filed an EEO complaint on July 22, 2014 and an amended complaint on or about August 22, 2014. The agency has taken no action on the complaints despite being required to act within 180 days of the complaint filing date. Accordingly, the administrative process has been completed.

## COUNT ONE

**(Age Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621)**

23. The foregoing paragraphs are realleged and incorporated by reference herein.

24. The Defendant's conduct as alleged above is in violation of the ADEA. Specifically, the TSA's designation of the six Field Offices for closure was based on the fact that those Field Offices have the highest percentage of older FAMs. It is the intent of TSA to purge older FAMs from its ranks through the Field Office closures, increased discipline, and medical retirements. Any purported alternative reasons for the discriminatory conduct are not the true reasons, but instead are pretextual and hide the Defendant's retaliatory animus.

25. But for the Plaintiff's age, he would not have been designated for reassignment from the Tampa Field Office.

26. But for the high percentage of FAMs over 40 in the Cincinnati, Cleveland,

4
Complaint

Phoenix, Pittsburgh, San Diego, and Tampa Field Offices, the TSA would not have designated those Field Offices for closure.

27. Alternatively, if the Field Office closures are to be construed as facially neutral, the closures fall more harshly on older FAMs than younger FAMs and cannot be justified as a business necessity.

28. Defendant's actions are in violation of the ADEA.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. The sum of $300,000 in compensatory damages suffered because of the discrimination;

2. for an injunction to address the discriminatory conduct and to prohibit future Field Office closures;

3. for costs and reasonable attorney's fees incurred with this lawsuit with interest thereon; and

4. other damages and further relief deemed just.

DATED this ___16___ day of June 2015.

MORRIS POLICH & PURDY LLP

By: _____
NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
California Bar No. 110170
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Attorneys for Plaintiff