NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
California Bar No. 110170
**MORRIS POLICH & PURDY LLP**
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Telephone: (702) 862-8300
Facsimile: (702) 862-8400
NWieczorek@mpplaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. H., C.V., W.L., J.M., Jeffrey Boyer, Brian Pierog, Donna Baxter, Karnel McMahan, Richard DeVivo, Gary McConaghy, and Kristen Pavkovich, on behalf of themselves and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Secretary of the Department of Homeland Security<br><br>Defendant. | Case No.: 3:15-cv-02740-JST<br><br>**FIRST AMENDED COMPLAINT** |

Pursuant to the parties' Joint Proposal Regarding Schedule and Order [Doc. 28], Plaintiffs K.H., C.V., W.L., J.M., Jeffrey Boyer, Brian Pierog, Donna Baxter, Karnel McMahan, Richard DeVivo, Gary McConaghy, and Kristen Pavkovich, on behalf of themselves and those similarly situated, by and through their counsel of record Morris Polich & Purdy LLP, herby provide their First Amended Complaint against the Secretary of the Department of Homeland Security. Plaintiffs state and allege as follows:

### JURISDICTION & VENUE

1. This is an action for discrimination in employment pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).

2. Jurisdiction is specifically conferred upon the United States District Court by the aforementioned statutes as well as 28 U.S.C. §§ 1331 and 1334. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983, and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166

3. Venue is appropriate under 28 U.S.C. § 1391 as named Plaintiff K.H. resides in San Bruno, California and he currently works in the Federal Air Marshal Service's ("FAMS") San Francisco Field Office.

## PARTIES

4. Plaintiff K.H. was born on February 20, 1968 and is a Federal Air Marshal ("FAM") employed by the Defendant and classified as FLSA non-exempt in its FAMS, which is a component of the Transportation Security Administration ("TSA"), which itself is an agency within the Department of Homeland Security ("DHS").

5. Plaintiff C.V. is over 40 years of age and is a FAM employed by the FAMS in its Detroit Field Office.

6. Plaintiff W.L. is over 40 years of age and is a FAM employed by the FAMS in its Washington D.C. Field Office.

7. Plaintiff J.M. is over 40 years of age and is a FAM employed by the FAMS in its Washington D.C. Field Office.

8. Plaintiffs Jeffrey Boyer, Brian Pierog, Donna Baxter, Karnel McMahan, Richard DeVivo, Gary McConaghy, and Kristen Pavkovich are over 40 years of age and were FAMs in the FAMS' Pittsburgh Field Office.

9. Plaintiffs K.H., C.V., W.L., and J.M. filed this amended complaint using only their initials since public disclosure of their names may compromise national security or endanger their personal safety.

10. Plaintiffs bring this action on behalf of themselves and all other similarly situated FAMs who are/were employed in the following FAMS Field Offices: Cincinnati, Cleveland, Phoenix, Pittsburgh, San Diego, and Tampa.

11. Defendant, who is being sued in his official capacity only, is an "employer" and

"public agency" within the meaning of 29 U.S.C. § 203(d), (x).

12. As an employer, Defendant is required to comply with all state and federal statutes prohibiting age discrimination.

## GENERAL ALLEGATIONS

13. The TSA targeted the Cincinnati, Cleveland, Phoenix, Pittsburgh, San Diego, and Tampa Field Offices for closure and the FAMs working in those offices have been reassigned and will be forced into duty elsewhere.

14. The TSA targeted those specific Field Offices for closure because those Field Offices have the highest percentage of older FAMs. It is estimated that at minimum at least 90% of the FAMs in each of those Field Offices are over 40 years of age.

15. It was the TSA's intent to force older FAMs from Federal service and it is the TSA's desire that the older workers will in fact quit due to the closure of the Field Offices and the mandatory office reassignments.

16. It has been represented to the older FAMs that it is/was TSA's intent to purge its workforce of older FAMs so that it could in turn "hire two new young FAMs for every older FAM."

17. The TSA is making any move to any other Field Office extremely difficult, expensive, unpalatable, and problematic, thus effectuating TSA's intent to purge older workers from the FAMS. Thus, the Field Office closures are tantamount to a constructive discharge.

18. The TSA has threatened the FAMs that if they do not move they will be forced to resign.

19. The exact number of affected FAMs is unknown due to the nature of their employment.

20. On August 19, 2014 Plaintiff K.H. received an email from a supervisor in which there was a memorandum attached from the Regional Director that referenced the Directed Reassignment and Permanent Change in Duty Station. The Regional Director advised Plaintiff K.H. that he had 10 days to decide whether he was going to move and if Plaintiff K.H. did not elect to move, then the TSA would terminate his employment and Plaintiff K.H. would be

ineligible for certain benefits.

21. Plaintiff K.H. worked in the Tampa Field Office. Due to the Tampa Field Office's discriminatory closure, the TSA reassigned Plaintiff K.H. to the San Francisco Field Office.

22. At all times relevant, Plaintiff K.H.'s performance was satisfactory or better. Nevertheless, the TSA reassigned Plaintiff to a different Field Office.

23. Plaintiff K.H. filed an EEO complaint on July 22, 2014 and an amended complaint on or about August 22, 2014. The agency took no action on the complaints despite being required to act within 180 days of the complaint filing date. Accordingly, Plaintiff K.H. completed the administrative process.

24. The Defendant's actions have caused Plaintiff K.H. to suffer non-compensable damages, including severe and harmful mental and emotional stress associated with the discriminatory closure of the Tampa Field Office. Prior to the closure, Plaintiff K.H. was constantly under stress about having to uproot himself from Florida and moving across the country to California. Plaintiff K.H. missed out on vacations and placed his life on hold while awaiting the closure. Moreover, because Plaintiff K.H. knows that the TSA wants to rid him from its ranks because he is an older FAM, he constantly worries that the TSA will soon find a reason to terminate him from his position in the San Francisco Field Office. The remaining named Plaintiffs all suffered similar non-compensable damages due to the discriminatory closures.

25. Plaintiff K.H suffered compensable damages in the form of lost wages and the benefits associated with those lost wages due to the discriminatory closure of the Tampa Field Office.

26. Plaintiffs C.V., W.L., and J.M. also suffered compensable damages in the form of lost wages and the benefits associated with those lost wages due to the discriminatory closure of their Field Offices.

27. Plaintiffs Jeffrey Boyer, Brian Pierog, Donna Baxter, Karnel McMahan, Richard DeVivo, Gary McConaghy, and Kristen Pavkovich all were forced to resign or were terminated for refusing to accept the transfer.

28. It is undisputable that FAMs over 40 years of age are less mobile and more tied to their communities than their younger counterparts. These discriminatorily-designed Field Office closures have caused, and will cause, older FAMs to uproot their families from communities they have long resided in, to lose thousands of dollars in home investments, and to lose the custody of their children. The discriminatory practice has caused, and will cause, marital unrest and the partition of once unified families.

29. The actual process in which the TSA designated the Field Offices for closure was based on age discrimination and designed to rid older FAMs from its workforce. The TSA selected specific Field Offices for closure that were made up of older FAMs and said closures has caused tangible economic damage to affected FAMs in the form of lost wages.

30. Named plaintiffs and the similarly situated class members were all affected by a similar plan infected by discrimination. *Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294, 306 (N.D. Cal. 1991).

## COUNT ONE

**(Age Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621)**

31. The foregoing paragraphs are realleged and incorporated by reference herein.

32. The Defendant's conduct as alleged above is in violation of the ADEA. Specifically, the TSA's designation of the six Field Offices for closure was based on the fact that those Field Offices have the highest percentage of older FAMs. It is the intent of TSA to purge older FAMs from its ranks through the Field Office closures, increased discipline, and medical retirements. Any purported alternative reasons for the discriminatory conduct are not the true reasons, but instead are pretextual and hide the Defendant's retaliatory animus.

33. But for the Plaintiffs' ages, they would not have been designated for reassignment from their Field Offices, forced to resign, or terminated.

34. But for the high percentage of FAMs over 40 in the Cincinnati, Cleveland, Phoenix, Pittsburgh, San Diego, and Tampa Field Offices, the TSA would not have designated those Field Offices for closure.

35. Alternatively, if the Field Office closures are to be construed as facially neutral the closures fall more harshly on older FAMs than younger FAMs, and thus Defendant's actions had a negative and disparate impact on the older FAMs.

36. Defendant's actions were in violation of the ADEA.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1. Conditionally certifying this matter as an ADEA class action, designating Plaintiffs as Class representatives, and appointing the undersigned as Class counsel;

2. All available relief under 29 U.S.C. § 626(b), which authorizes district courts to grant ADEA claimants such legal or equitable relief as may be appropriate to effectuate the purposes of the act, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section, not to include compensatory damages;

3. For any relief this Court deems appropriate to restore Plaintiffs to the economic position they would have occupied but for the ADEA violations;

4. For costs and reasonable attorney's fees incurred with this lawsuit with interest thereon.

DATED this 15 day of January, 2016.

MORRIS POLICH & PURDY LLP

By: _____
NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
California Bar No. 110170
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Morris Polich & Purdy LLP, and that on this 15 day of January, 2016, I served a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** via the Court's CM/ECF program upon all counsel registered for this specific litigation.

Wendy M. Garbers, Esq.
California Bar No. 213208
United States Attorney's Office
450 Golden Gate Avenue, Floor 9
San Francisco, California 94102
Telephone: (415) 436-6475
Facsimile: (415) 436-7234
Email: wendy.garbers@usdoj.gov
*Attorneys for Defendant*

*Lisa Woodreyy*
An Employee of MORRIS POLICH & PURDY LLP