UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.H., et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,<br><br>           Defendant. | Case No.  15-cv-02740-JST<br><br>**ORDER DENYING REQUEST FOR ENTRY OF PROTECTIVE ORDER**<br><br>Re: ECF No. 29 |

Now before the Court is the parties' stipulated request for entry of protective order. ECF No. 29. For the reasons set forth below, the Court is unable to approve the stipulated order in its current form.

Paragraph 7 of the proposed order provides:

> Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form). Instead, such documents must be filed under seal or, for "FAM Name SSI Documents" only, parties must create and file "Redacted Version Documents."

Paragraph 10 of the proposed provides:

> All hearings, or portions thereof, in which SSI may be disclosed, always shall be closed to the public. If there is a possibility that SSI may be disclosed at trial, the courtroom shall be closed to the public.

These provisions are problematic because they require the parties to do something that is not within their power: to file documents under seal or close the courtroom during hearings or the trial in this case. The parties can only request that the Court take such actions, and must support their requests with an adequate legal showing of necessity.

"Pursuant to the First Amendment, there is a presumed public right of access to court

1 proceedings," and "[s]ecret proceedings are the exception rather than the rule in our courts."
2 United States v. Index Newspapers LLC, 766 F.3d 1072, 1084 (9th Cir. 2014) (citing Oregonian
3 Publ'g Co. v. U.S. Dist. Court, 920 F.2d 1462, 1465 (9th Cir.1990)).  Court records enjoy the same
4 presumption of public access.  Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th
5 Cir. 2006).

6     A party seeking to shield a proceeding or document from public view bears the burden of
7 overcoming this presumption by making the showing of necessity appropriate to the particular
8 document or proceeding.  Id. at 1178-79; Ctr. for Auto Safety v. Chrysler Grp., LLC, No. 15-
9 55084, 2016 WL 142440, at *2 (9th Cir. Jan. 11, 2016).  "[B]efore a court may enter a sealing
10 order, it also must make 'specific, on the record findings' of the extraordinary need to keep a
11 particular document or particular testimony secret."  Perry v. City & Cty. of San Francisco, No.
12 10-16696, 2011 WL 2419868, at *21 (9th Cir. Apr. 27, 2011).

13     The parties' stipulated request for entry of protective order is denied without prejudice.
14 Any future proposed order may require the parties to *apply* for an order sealing a particular
15 document or proceeding, but may not impose the obligation to *actually seal* the document or
16 proceeding.  That power rests with the Court.

17     IT IS SO ORDERED.

18 Dated:  January 19, 2016

                                                 _____
                                                      JON S. TIGAR
                                               United States District Judge