BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6475
    FAX: (415) 436-7234
    wendy.garbers@usdoj.gov

Attorneys for Defendant SECRETARY OF
THE DEPARTMENT OF HOMELAND
SECURITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| K.H., on behalf of himself and those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Case No. 15-cv-02740 JST <br><br> **REVISED STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER RE SENSITIVE SECURITY INFORMATION, 49 C.F.R. PART 1520.** |

    It is hereby stipulated that the following Protective Order be entered in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and shall hereafter govern the use, handling, and disposition of information, testimony or documents created, filed, or obtained through discovery in the above captioned matter ("the Litigation"), which constitute Sensitive Security Information ("SSI") as defined by 49 C.F.R. Part 1520.

    1.    SSI is a specific category of information that requires protection against unauthorized disclosure pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520.  Unauthorized disclosure of SSI may be detrimental to the security of transportation, may constitute an unwarranted invasion of personal privacy, or may reveal a trade secret or privileged or confidential commercial or financial information.

1. Unauthorized disclosure may also result in a civil enforcement penalty or other enforcement action by the Transportation Security Administration ("TSA") against the party making the unauthorized disclosure. 49 C.F.R. § 1520.17.

2. Access to SSI is limited to "covered persons" with a "need to know" as set forth in 49 C.F.R. § 1520.7 and § 1520.11. Because the parties, their attorneys, the Court and its employees are "covered persons" "with a need to know" certain SSI relevant to this case, this order permits the sharing in this civil action of relevant information and materials that are marked as SSI or may contain SSI, provided that they are not classified and are directly relevant to this case. The right of access to materials marked as SSI or containing SSI shall be limited to the Court and its employees, Plaintiff, and counsel for the parties, including their paralegal, secretarial and other legal personnel in their employ. Court reporters retained by the parties for purposes of recording depositions and who have signed a TSA-approved Non-Disclosure Agreement may also have access to SSI. After they have successfully passed a TSA background check and signed a TSA-approved Non-Disclosure Agreement, retained and non-retained expert witnesses and litigation consultants may also have access to SSI.

3. The materials encompassed in this protective order include, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other documents or information produced or given to one party by another party or by a third party in connection with in this matter. Information taken from any of these materials that reveals its substance shall also be subject to this protective order.

4. "Covered persons" have an express duty to protect against the unauthorized disclosure of SSI. 49 C.F.R. § 1520.9. SSI must be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. § 1520.11. When unattended, SSI must be secured in a locked container or office, or other restricted access area.

5. Documents that contain SSI may not be further disseminated to persons without a "need to know" except with written permission from TSA. SSI must not be disclosed by either party to any person or entity other than those enumerated in paragraph two.

6. All documents subject to this Order shall be marked as "Confidential: Subject to SSI Protective Order" or similar marking. Documents containing SSI that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure.

7. Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form). A party seeking to file a document in the public record that contains SSI must request that the Court permit the portions containing SSI be filed under seal. In connection with the request to file under seal, the party must create a "FAM Name SSI Document" or "Redacted Version Documents," which can be publicly filed.

8. A "FAM Name SSI Document" is any document in which the only SSI contained therein are names identifying individuals, other than Plaintiff, as Federal Air Marshals (FAMs), Senior FAMs, or Federal Air Marshal candidates.[1] If a party wishes to file or produce a FAM Name SSI Document during the course of the Litigation, that party must create a Redacted Version Document by employing the First Name, Last Initial convention (*e.g.*, FAM John Doe is redacted to FAM John D.). For FAM Name SSI Documents created for the purpose of this Litigation (*i.e.*, motions, memoranda, etc.), parties should perform the redactions during the composition of the Redacted Version Document. For FAM Name SSI documents that are not created for the purpose of Litigation, but that the parties, nevertheless, choose to file or produce for litigation purposes (*i.e.*, exhibits to motions or memoranda), parties should perform the redactions using Adobe PDF redaction tools or by printing and manually redacting.

9. Deposition testimony that may contain SSI should be so designated by verbal notice or written notice within 10 days of receipt of the transcript. However, testimony containing SSI that is not designated, through mistake, nonetheless must be safeguarded against unauthorized disclosure. If the parties expect that the only SSI that the deposition testimony will contain will be FAM Name SSI, the parties may instruct the deponents prior to the deposition to use the First Name convention in their testimony.

---

[1] Identifying individuals as Supervisory Air Marshals in Charge (SACs), Deputy Supervisory Air Marshals in Charge (DSACs), Assistant Supervisory Air Marshals in Charge (ASACs), Supervisory Federal Air Marshals (SFAMs), or FAMS Civilian Training Instructors does not constitute SSI.

10. If there is a possibility that a party will introduce or disclose SSI at a hearing, or portion thereof, the party shall request that the hearing be closed to the public.  If there is a possibility that a party will introduce or disclose SSI at trial, the party shall request that the courtroom shall be closed to the public.

11. Plaintiff and Plaintiff's counsel may use SSI disclosed to them in this Litigation only for the purposes of the Litigation.  SSI may not be further disseminated, including to a jury, except with written permission from Defendant.

12. All documents subject to this Order in the possession of Plaintiff or Plaintiff's counsel shall be returned to counsel for Defendant within 60 days of termination of this Litigation, including any appellate proceedings, or shall be certified in writing to counsel for Defendant to have been destroyed by Plaintiff or Plaintiff's counsel.

13. Nothing in this Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

14. This Order is without prejudice to the rights of any party to make any objection to discovery or use of SSI, or documents that may contain SSI, permitted by the Federal Rules of Civil Procedure, or any statute, regulation, or other authority.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 22, 2016              BRIAN J. STRETCH
                                     Acting United States Attorney

                                      /s/ *Wendy M. Garbers*
                                     WENDY M. GARBERS
                                     Assistant United States Attorney

                                     Attorneys for THE SECRETARY
                                     OF THE DEPARTMENT OF
                                     HOMELAND SECURITY

DATED: January 22, 2016              MORRIS POLICH & PURDY LLP

                                      /s/ *Nicholas M. Wieczorek*
                                     NICHOLAS M. WIECZOREK

                                     Attorneys for PLAINTIFF K.H.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: January 25, 2016              _____
                                     THE HONORABLE JON S. TIGAR